**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| | | |
|---|---|---|
| 0   Valuation of Security | 0   Assumption of Executory Contract or Unexpired Lease | 0   Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:   Deborah Graves

Case No.: _____16-15148_____

Judge: _____MBK_____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: _____5/3/2018_____

☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____JC____    Initial Debtor: ____DG____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1111_____ per _____ to the Chapter 13 Trustee, starting on _____ for approximately _____36_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐   Refinance of real property:
Description:
Proposed date for completion: _____

☐   Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| **Part 2:** | **Adequate Protection** ☒ **NONE** |
|---|---|

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| **Part 3:** | **Priority Claims (Including Administrative Expenses)** |
|---|---|

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 800 |
| DOMESTIC SUPPORT OBLIGATION | | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CIT Bank | 30 Cumberland Drive Brick NJ | $19,118.58 ($26,830.96-$7712.38) pre petition arreas | | $19,118.58 ($26,830.96-$7712.38) | $1906 |
| CIT Bank | | $5500.78 ($5743.17-$242.39) post petition arrears | | | $1906 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Wells Fargo Dealer Services to remain current and outside of the plan.

| **g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE** |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| Ecast Settlement Group | 2013 Kia Optima | $10,482.24 ($14710.73-$4228.49) |

**Part 5: Unsecured Claims ☒ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6: Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions** ☒ **NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Secured Claims
4) Priority Claims & 5) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____3/18/2016_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| a motion to dismiss was filed in debtor's case due to post petition arrears being added into debtor's plan | Adding post petition arrears into debtor's plan |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 5/3/2018                              /s/James J Cerbone
                                            Attorney for the Debtor

Date: 5/3/2018                              /s/Deborah Graves
                                            Debtor

Date: _____           _____
                                            Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 5/3/2018                                         /s/James J Cerbone
                                                       Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 5/3/2018                                         /s/Deborah Graves
                                                       Debtor

Date: _____                           _____
                                                       Joint Debtor

```
                          United States Bankruptcy Court
                               District of New Jersey
In re:                                                        Case No. 16-15148-MBK
   Deborah Graves                                             Chapter 13
            Debtor
                               CERTIFICATE OF NOTICE
District/off: 0312-3            User: admin              Page 1 of 2              Date Rcvd: May 07, 2018
                                Form ID: pdf901          Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 09, 2018.
db             +Deborah Graves,    30 Cumberland Drive,    Brick, NJ 08723-7539
cr             +BANK OF AMERICA, N.A.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,   Suite 100,
                 Mt. Laurel, NJ 08054-3437
516065424       AT&T Wireless,    Attn: Diversified Consultants,    PO Box 1022,    Wixom, MI 48393-1022
516322801       BANK OF AMERICA, N.A.,    PO BOX 31785,    TAMPA, FL 33631-3785
516159083      +CIT Bank, N.A,    c/o OneWest Bank Mortgage Servicing,    PO BOX 9013,
                 Addison, Texas 75001-9013
517332385      +CIT Bank, N.A.,,    fka OneWest Bank, N.A.,,    fka OneWest Bank, FSB,    P.O. Box 9013,
                 Addison, Texas 75001-9013
516118989      +CONSUMER PORTFOLIO SERVICES,    19500 JAMBOREE ROAD,    IRVINE CA 92612-2411
516065426       Comenity Bank,    PO Box 182125,    Columbus, OH 43218-2125
516065430      +McCabe Weisberg & Conway,    216 Haddon Avenue Suite 201,    Collingswood, NJ 08108-2818
516287266      +Pinnacle Credit Services, LLC its successors and,    assigns as assignee of Cellco,
                 Partnership d/b/a Verizon Wireless,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
516065432      +Verizon Wireless,    Attn: Pinnacle Credit Services,    PO Box 640,   Hopkins, MN 55343-0640
517315668      +eCAST Settlement Corporation,    c/o Becket and Lee LLP,    PO Box 3002,   Malvern PA 19355-0702
517315669      +eCAST Settlement Corporation,    c/o Becket and Lee LLP,    PO Box 3002,   Malvern PA 19355-1245,
                 eCAST Settlement Corporation,    c/o Becket and Lee LLP 19355-0702
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 07 2018 23:47:02      U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 07 2018 23:47:01      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516317796       E-mail/PDF: resurgentbknotifications@resurgent.com May 07 2018 23:42:42
                 Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
                 Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
516117221      +E-mail/Text: bankruptcy@consumerportfolio.com May 07 2018 23:47:11
                 CONSUMER PORTFOLIO SERVICES,    PO BOX 57071,   IRVINE, CA. 92619-7071
516065427      +E-mail/Text: bankruptcy@consumerportfolio.com May 07 2018 23:47:12
                 Consumer Portfolio Servicing,    16355 Laguna Canyon Road,    Irvine, CA 92618-3801
516065428      +E-mail/Text: mrdiscen@discover.com May 07 2018 23:46:26      Discover,   PO BOx 71084,
                 Charlotte, NC 28272-1084
516089642       E-mail/Text: mrdiscen@discover.com May 07 2018 23:46:26      Discover Bank,
                 Discover Products Inc,    PO Box 3025,   New Albany, OH 43054-3025
516065429       E-mail/Text: bankruptcy@sccompanies.com May 07 2018 23:48:11      Ginnys,    1112 7th Avenue,
                 Monroe, WI 53566-1364
516065431       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 07 2018 23:42:35
                 Portfolio Recovery Associates,    140 Corporate Blvd Ste 1,   Norfolk, VA 23502
516322406       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 07 2018 23:41:13
                 Portfolio Recovery Associates, LLC,    c/o Bon Ton,    POB 41067,   Norfolk VA 23541
516427501       E-mail/PDF: gecsedi@recoverycorp.com May 07 2018 23:40:59      Synchrony Bank,
                 c/o of Recovery Management Systems Corp,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516065425      ##+Cit Bank,    888 East Walnut Street,    Pasadena, CA 91101-1895
                                                                                   TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2018                                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2                  Date Rcvd: May 07, 2018
                              Form ID: pdf901          Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 3, 2018 at the address(es) listed below:
         Albert     Russo    on behalf of Trustee Albert    Russo docs@russotrustee.com
         Albert     Russo    docs@russotrustee.com
         Andrew L. Spivack     on behalf of Creditor    BANK OF AMERICA, N.A. nj.bkecf@fedphe.com
         Charles G. Wohlrab     on behalf of Creditor     Wilmington Savings Fund Society, FSB, as trustee of
          Stanwich Mortgage Loan Trust C cwohlrab@logs.com,   njbankruptcynotifications@logs.com
         Denise E. Carlon     on behalf of Creditor     CIT Bank, N.A., fka OneWest Bank N.A., fka OneWest
          Bank, FSB dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
         James J. Cerbone     on behalf of Debtor Deborah    Graves cerbonelawfirm@aol.com
         Rebecca Ann Solarz     on behalf of Creditor     CIT Bank, N.A., fka OneWest Bank N.A., fka OneWest
          Bank, FSB rsolarz@kmllawgroup.com

                                                                                                                                                                                                            TOTAL: 7